1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| VISIONX TECHNOLOGIES, LLC, a Texas limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OMNIVISION TECHNOLOGIES, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 8:23-cv-02068-MCS-ADS<br>Hon. Mark C. Scarsi<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: November 2, 2023 |

**STIPULATED PROTECTIVE ORDER**

# I.    INTRODUCTION

## A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## B.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, highly sensitive semiconductor design materials and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to

expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C.    SCOPE

1.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined below), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

2.    This Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Material will also be considered Protected Material and treated as such under this Order. Any materials including information produced or provided under more than one designation shall be treated as designated under the more restrictive designation.

3.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court. Any use of Protected Material at trial shall be governed by subsequent orders of the trial judge to the extent that they conflict with the terms of this Order.

D.     DURATION

1.     Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation. Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

2.     After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

3.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

E.    DEFINITIONS

1.      <u>Action</u>: VisionX Technologies, LLC v. OmniVision Technologies, Inc., Case No. 8:23-cv-02068-MCS-ADS.

2.      <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

3.      <u>Chip-Level Schematics</u> shall refer to schematics and layout files for a semiconductor product (such as GDS, GDSII, OASIS, LAFF, or other comparable file types).

4.      <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified in paragraph II.A.1.

5.      <u>Detailed Process Flow</u>: A chart, diagram, or other type of document (or set of documents) that includes a highly sensitive and proprietary description of the process flow for manufacturing or assembling a finished integrated circuit, including a highly sensitive and proprietary description of the order of steps, applicable tooling Recipes, types of materials, thickness of materials, properties of materials, or the manufacturing process for a specific integrated circuit.

6.      <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material.

7.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

8.    <u>"HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified in paragraph II.A.2.

9.    <u>"HIGHLY SENSITIVE PROCESS INFORMATION— OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified in paragraph II.A.3.

10.    <u>House Counsel</u>: Attorneys who are employees of a party to this Action who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

11.    <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

12.    <u>Outside Counsel</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes partners, associates, paralegals, and support staff to whom it is reasonably necessary to disclose the information for this Action.

13.     <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

14.     <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

15.     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

16.     <u>Process Material</u>:  Any Disclosure or Discovery Material that is designated as "HIGHLY SENSITIVE PROCESS INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY."

17.     <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY SENSITIVE PROCESS INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY."  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that have been disseminated to the public; (iii) information that the Receiving Party can show is lawfully in the Receiving Party's possession and that the Receiving Party is not otherwise obligated to treat as confidential; and (iv) information that the Receiving Party can show was obtained from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality placed on the Receiving Party by such third party.

18.     <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**STIPULATED PROTECTIVE ORDER**

19.     Recipe: a document constituting or containing, whether in text, a chart, a diagram, or other manner of presentation of information, a highly sensitive and proprietary description of the specific formula or recipe for configuring tools used in the manufacture or assembly of a finished integrated circuit, including without limitation a highly sensitive and proprietary description of the order of steps, types of materials, thickness of materials, properties of materials, and the manufacturing process for a specific integrated circuit.

**II.     PROTECTED MATERIAL DESIGNATIONS**

A.     TIERS OF PROTECTION

1.     **"CONFIDENTIAL" Designation**: A Party may designate information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.     **"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Designation**: A producing Party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" any Protected Material qualifying to be designated "CONFIDENTIAL" that, if disclosed to another party or nonparty, would create a substantial risk of serious and material competitive or commercial harm to the party designating the material.

3.     "**HIGHLY SENSITIVE PROCESS INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY" Designation**: A producing Party may designate as "HIGHLY SENSITIVE PROCESS INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY" any Protected Material qualifying to be designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that further includes, reproduces and/or contains highly sensitive and proprietary information comprising Detailed Process Flows, a Recipe, or Chip-Level Schematics.

B. EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

C. PROCEDURE FOR APPLYING DESIGNATIONS

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential commercially sensitive, proprietary, or trade secret information of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material. Designation of Protected Material may be made at any time.

2.     Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY SENSITIVE PROCESS INFORMATION— OUTSIDE ATTORNEYS' EYES ONLY," as applicable. These identified categories of information shall be identified collectively in this Order by the title "Protected Information." The phrase "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY SENSITIVE PROCESS INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY," (each a "Designation"), as applicable, shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought or, in the case of files produced natively, in the file name, archive, or media on which the native file is produced.

3.     For deposition and hearing transcripts, the Designation(s) shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the Designation of some or all of that transcript as Protected Material.

D.    INADVERTENT FAILURE TO DESIGNATE

1.     Inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

2.     Any party that inadvertently or unintentionally produces Protected Material without designating it Protected Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly

designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

E.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.    Timing of Challenges: Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

2.    Meet and Confer: The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Frivolous designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## III.    ACCESS TO AND USE OF PROTECTED MATERIAL

A.    BASIC PRINCIPLES

1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section I.D. above.

2.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3.      Any party that seeks to file Protected Material with the Court shall comply with the requirements and procedures set forth in Civil Local Rule 79-5 to seek permission to file such materials under seal. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

B.      DISCLOSURE OF PROTECTED MATERIALS

1.      "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      Outside Counsel;

b.      House Counsel;

c.      up to and including three (3) designated employees or directors of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party

believes the other party has unreasonably withheld such consent;

d.   outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this Action, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) such consultants or experts are not presently employed by a competitor of a Party (outside of litigation);

e.   The Court and its personnel;

f.   Court reporters and their staff;

g.   independent litigation support services, including persons working for or as court reporters, stenographers, or videographers; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, and jury or trial consulting services including mock jurors and photocopy, document management services including imaging, storage, and hosting, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and the Court and its personnel;

h.   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

i.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

2.    <u>HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items:</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information and Items only to individuals listed in paragraphs III.B.1.a and d-i. The provisions of Section III.C must be complied with prior to disclosure of any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to any individuals listed in paragraph III.B.1.d.

3.    <u>HIGHLY SENSITIVE PROCESS INFORMATION– OUTSIDE ATTORNEYS' EYES ONLY</u>:  Materially designated <u>HIGHLY SENSITIVE PROCESS INFORMATION– OUTSIDE ATTORNEYS' EYES ONLY</u> shall not be disclosed in any manner other than as set forth in Section IV.

C.     PROCEDURE FOR EXPERTS AND CONSULTANTS:

1.     Prior to disclosure of Protected Material to any outside consultant or expert to be authorized under Sections III.B.2 or III.B.3 of this order, the outside consultant or expert must execute the Undertaking attached as Exhibit A to this order and the Receiving Party must serve on the Producing Party a copy of the Undertaking, a current copy of the expert or consultant's CV, a list of the expert or consultant's testifying and consulting work for the preceding five (5) years (to the extent not included in the CV).

2.     The Producing Party may object in writing to the disclosure within ten (10) business days. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the

notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. This disclosure and objection procedure applies to each Producing Party separately.

## IV.   REVIEW AND USE OF HIGHLY SENSITIVE PROCESS INFORMATION

For Protected Material designated HIGHLY SENSITIVE PROCESS INFORMATION– OUTSIDE ATTORNEYS' EYES ONLY, the following additional restrictions apply:

A.   REVIEW OF PROCESS MATERIALS

1.   Disclosure of Process Materials shall be limited to individuals listed in paragraphs III.B.1.a and d-i.  The provisions of Section III.C must be complied with prior to disclosure of any Process Materials to any individuals listed in paragraph III.B.1.d.

2.   Access to a Party's Process Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) located in Santa Clara, CA in the case of OmniVision. The stand-alone computer(s) shall be connected to a printer or capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 7 and 11 below. The stand-alone computer(s) will be configured to prevent additional peripheral devices (e.g., USB thumb drives) from being connected to them. The stand-alone computer(s) may, at the producing Party's option, be located at the offices of the producing Party's outside counsel or, a facility of the producing Party, a secure escrow facility operated by a third party ("Review Facility");

3.   The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours,

which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time. However, upon reasonable notice from the Receiving party, the producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The producing Party will produce Process Information Material in computer searchable format, to the extent it is maintained in the ordinary course in such format, on the stand-alone computer(s) as described above;

4.   The producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Process Material on the stand-alone computer(s);

5.   Access to Protected Material designated HIGHLY SENSITIVE PROCESS INFORMATION shall be limited to outside counsel and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to sections III.B and III.C. For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

6.   No electronic copies of Process Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

7.   The Receiving Party shall be permitted to have printed by the producing Party portions of Process Material reasonably anticipated by the Receiving Party to be necessary for use in, and preparation for, court filings and

proceedings, infringement or invalidity contentions, expert reports, and depositions of persons or entities permitted access to "HIGHLY SENSITIVE PROCESS INFORMATION" information of the producing Party, and such other uses to which the parties may agree or that the Court may order. The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Process Material, all of which shall be designated and clearly labeled "HIGHLY SENSITIVE PROCESS INFORMATION," and the Receiving Party shall maintain a log of all such files that it prints or photocopies.

8.     The Receiving Party shall not print Process Material in order to review blocks of Process Material elsewhere in the first instance, i.e., as an alternative to reviewing that Process Material electronically on the stand-alone computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Process Materials for review and analysis elsewhere, and that printing is permitted solely to enable use of Process Materials in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence. In considering what is reasonable, the Parties agree to meet and confer in good faith to the extent the Process Materials requested to be printed disclose creates a substantial burden to the Producing Party that is unjustified given the needs of the case. In the event that a producing Party believes that a particular printing request is unreasonable, the producing Party and Receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement. If they cannot resolve the issue, either Party may seek an order from the Court. The Receiving Party shall maintain a record of any individual who has inspected any portion of the Process Material in electronic or paper form.

9.     The producing Party will provide any printed paper copies to the requesting Party as soon as feasible within no less than three (3) business days of the

requesting Party's request, unless otherwise agreed or the producing Party objects to the request.

10.     At the Receiving Party's request, up to three (3) additional sets (or subsets) of Process Information Printouts may be requested and provided by the producing Party in a timely fashion. The producing Party shall challenge the amount of Process Information requested in hard copy form, or whether the Process Information requested in hard copy form is reasonably necessary to any case preparation activity, within three days of the request.

11.     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Process Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts.

12.     The outside counsel and outside consultants or experts of a Receiving Party may take notes during any Process Material inspection. In addition, outside counsel and outside consultants or experts of a Receiving Party may not bring into the room housing the stand-alone computer(s) any recording devices, including, but not limited to, laptops or other portable computers; audio, image or video recorders; or wireless devices with data transmission capabilities or recording capabilities (e.g., cameras), unless agreed otherwise by the parties in writing, provided that the access facilities shall include a convenient secure location for Receiving party to store items that cannot be brought into the room housing the stand-alone computer. Outside counsel and outside consultants or experts of a Receiving Party may leave work product or other materials to which the Receiving Party claims privilege in the room used to inspect the producing Party's Process Material for reasonable periods during a review (e.g., meals, restroom breaks) and

Producing party shall not view such material, provided that Receiving Party will not leave such material overnight or on a producing Party's stand-alone computer(s);

13.  Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY SENSITIVE PROCESS INFORMATION" and shall continue to be treated as such.

14.  A producing Party's Process Material may only be transported by the Receiving Party at the direction of a person authorized under section III.B. above to another person authorized under III.B., on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Process Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

B.  USE OF PROCESS MATERIALS IN PROCEEDINGS

1.  To the extent portions of Process Material are quoted, either (1) the entire source document will be stamped and treated as HIGHLY SENSITIVE PROCESS INFORMATION or (2) those pages containing quoted Highly Sensitive Process Material will be separately stamped and treated as HIGHLY SENSITIVE PROCESS INFORMATION;

2.  A Receiving Party may include excerpts of Process Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the documents in which the excerpts are included are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

3.     Copies of Process Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

4.     No Process Material will be shown on video or other electronically managed means for providing testimony, such as depositions conducted via remote conferencing services, such as Zoom, WebEx, or Microsoft Teams, without agreement by the parties of an acceptable protocols to ensure that improper copying of displayed Highly Sensitive Process Material or disclosure of Highly Sensitive Process Material does not occur during the remote deposition.  Nor shall any electronic versions of any Highly Sensitive Process Material be uploaded to any electronic exhibit storage location except as agreed to by the parties.  Nothing in this paragraph shall preclude the parties from agreeing to allow for viewing and or uploading particular Highly Sensitive Process Material to the extent that both parties agree that that particular Highly Sensitive Process Material can be adequately protected sufficiently via available software controls;

5.     The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Process Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Process Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

6.     Process Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Process Materials may be loaded onto a stand-alone computer.

**STIPULATED PROTECTIVE ORDER**

7.     Nothing in this Protective Order shall prevent or restrict a producing Party's own disclosure or use of its own Protected Material for any purpose.

C.     PROSECUTION BAR:

Any attorney representing a Receiving Party, whether in-house or outside counsel, who in fact receives another Party's Protected Material that is designated HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY (including only technical materials and excluding non-technical documents such as financials) and/or HIGHLY SENSITIVE PROCESS INFORMATION– OUTSIDE ATTORNEYS' EYES ONLY (collectively "HIGHLY SENSITIVE MATERIAL"), shall not prepare, prosecute, supervise, or assist in the preparation of prosecution of any patent application pertaining to image sensor design during the pendency of this Action and for one year after its conclusion, including any appeals, except with the written consent of the party whose information was received.

The foregoing shall not prevent, however, a person who in fact receives another Party's Protected Material that is designated HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY (including only technical materials and excluding non-technical documents such as financials) and/or HIGHLY SENSITIVE PROCESS INFORMATION– OUTSIDE ATTORNEYS' EYES ONLY (collectively "HIGHLY SENSITIVE MATERIAL") from participating, directly or indirectly, in reexamination, *inter partes* review, reissue proceedings, derivation, interference, or any similar proceeding, related to any patent asserted in this Action.

## V. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

### A. SUBPOENAS AND COURT ORDERS

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material that Party must:

1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

### B. PROTECTIVE ORDERS

1. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated as Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

2. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## VI.   NON-PARTY PROTECTED MATERIAL

A.   APPLICABILITY TO NON-PARTIES

1.   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a.   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.   Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.   Make the information requested available for inspection by the Non-Party, if requested.

B.   PROTECTIVE ORDERS

1.   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to

the confidentiality agreement with the Non-Party before a determination by the court.

2.      Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## VII.  UNAUTHORIZED AND INADVERTENT DISCLOSURES

### A.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

### B.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1.      Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The production or disclosure of documents, information, or other material by any Party or third-party in connection with this proceeding is subject to the provisions of Federal Rule of Evidence 502(d), which provides that any production or disclosure of any information (whether inadvertent or otherwise) that is subject to any applicable privilege or protection shall not be deemed a waiver of any privilege or protection in connection with the Litigation pending before this Court, and shall not serve as a waiver in any other federal or state proceeding. See Fed. R. Evid. 502(d).

2.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

3.      Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## VIII.  MISCELLANEOUS

### A.      RIGHT TO FURTHER RELIEF

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B.      RIGHT TO ASSERT OTHER OBJECTIONS

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C.      FILING PROTECTED MATERIAL

1.      A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the

Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

       2.     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Information in court or in any court filing with the consent of the Producing Party or by order of the Court.

       3.     This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:    July 1, 2024           */s/ Nathaniel L. Dilger*
                                          Attorney(s) for Plaintiff(s)

Dated:    July 1, 2024           */s/ David H. Bluestone*
                                          Attorney(s) for Defendant(s)

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:    July 2, 2024            /s/ Autumn D. Spaeth
                                        HONORABLE AUTUMN D. SPAETH
                                        United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| VISIONX TECHNOLOGIES, LLC, a Texas limited liability company,<br><br>   Plaintiff,<br><br>   v.<br><br>OMNIVISION TECHNOLOGIES, INC., a Delaware corporation,<br><br>   Defendant. | Case No. 8:23-cv-02068-MCS-ADS<br><br>Hon. Mark C. Scarsi<br><br>**UNDERTAKING REGARDING PROTECTIVE ORDER** |

I,_____, declare that:

1. My address is _____.

My current employer is _____.

My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", and/or "HIGHLY SENSITIVE PROCESS INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", and/or "HIGHLY SENSITIVE PROCESS INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY" that came

into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date   _____

**UNDERTAKING REGARDING PROTECTIVE ORDER**